20729

Harriet N. BURNSIDE, Appellant, v. TOWN OF ARCADIA LAKES and Town Council, Town of Arcadia Lakes, Respondents.

(246 S. E. (2d) 234)

*Quinn & Smith,* Columbia, *for appellant.*

*Marchant, Bates, Todd & Barber,* Columbia, *for respondents.*

July 26, 1978.

NESS, Justice:

This appeal is from an order overruling the demurrer of Harriet N. Burnside to the second defense of respondent's answer. We affirm.

Appellant Burnside instituted this action challenging respondents' refusal to re-zone her property from a medium density residential area to a light commercial area. She also challenged the constitutionality of the present zoning of her property, a 44.5 acre tract located within the municipal boundaries of the Town of Arcadia Lakes, on the grounds that it is arbitrary, unreasonable, an abuse of discretion, confiscatory, and violative of the state and federal constitutions.

As a second defense to appellant's complaint, respondents alleged facts concerning a referendum held by the Town of Arcadia Lakes on May 3, 1977, regarding the re-zoning of appellant's property, and asserted the results of the referendum required the Town Council's denial of the zoning request. Respondents alleged that the Town Council's action was not arbitrary, unreasonable or an abuse of discretion as the council could not exercise judgment independently of the mandate of the referendum.

Appellant's demurrer was premised on the grounds that the second defense did not state facts sufficient to constitute a defense. The trial court overruled the demurrer, stating in part that "it appears that the application of the initiative and referendum statutes may be relevant to allegations in the complaint regarding abuse of discretion by Town Council." We agree.

Appellant asserts the fact of the referendum has no effect upon the appropriateness of the zoning of her property, and therefore, the allegations are irrelevant and insufficient to state a defense. Appellant contends that the determination of whether a zoning ordinance is arbitrary or unreasonable should be made by examining the facts concerning the use of the particular property and its effect upon the surrounding area, and that area's effect upon the property.

We believe appellant raises an issue which is premature at this stage of the litigation. The defense to which the demurrer was taken does not assert the constitutionality of the denial of the re-zoning request, but only that the Town Council was acting reasonably by following the provisions of an applicable state law.

Appellant concedes that an amendment to the zoning law must be accomplished by the passage of an ordinance. (Appellant's brief, p. 12). The Town Council was required pursuant to Code Sections 5-17-10 *et seq.* to call a referendum and abide by its results.

Whether or not respondents acted in an arbitrary or unreasonable manner was an issue raised by appellant's complaint. The second defense is both relevant and responsive to that allegation. Therefore, the demurrer was properly overruled. We express no opinion on appellant's remaining exception which relates to the merits of the case.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.